Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Stache Products, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACHE PRODUCTS, LLC, | CASE NO.: 2:24-cv-02327 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| TSJ DISTRIBUTORS INC DBA THE SUPPLY JOINT, | |
| Defendant. | **(INJUNCTIVE RELIEF DEMANDED)** |

STACHE PRODUCTS, LLC ("Plaintiff" or "Stache Products") by and through its undersigned counsel, brings this Complaint against Defendant TSJ DISTRIBUTORS INC DBA THE SUPPLY JOINT ("Defendant") for patent and trademark infringement, and in support, alleges as follows:

**NATURE OF THE LAWSUIT**

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell, or importation into the

1. United States for subsequent use or sale of products, methods, processes, services or systems that infringe one or more claims of United States Patent Numbers 10,786,006, 11,497,244, 11,497,252, and D872,933 S (the "Patents").

2. This is also an action for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a) and under Cal. Bus. & Prof. Codes § 17200, *et. seq.* to enjoin and obtain damages resulting from the Defendant's unauthorized marketing, advertising, promotion, sale, and importation of oral vaporizers that infringe Plaintiff's United States Registered Trademark No. 7,079,618 for RIG IN ONE.

## JURISDICTION AND VENUE

2. This is an action arising under the Patent Act and Lanham Act.

3. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement in this District.

## THE PARTIES

6. Plaintiff, Stache Products, LLC ("Stache Products"), is a Maryland limited liability company.

2. Stache Products is a company dedicated to offering innovative, high-quality smoking and vaporization products at a fair price.

3. Rodrigo Escorcia Santos ("Santos") is the owner of Stache Products. Santos assigned his intellectual property to Stache Products who offers RIG IN ONE ("RIO") devices for sale on its website https://stacheproducts.com/products/rio-matte-1.

4.  Stache Products is engaged in product development for the smoking and vaporizer market, including grinders, 510 thread batteries, and portable glass rigs (device that is designed to use with waxes, oils, dabs, and concentrate of Cannabinoids.

5.  Stache Products is a dab rig market leader specializing in portable dab rigs and vape pen batteries perfect for discreet vaping on the go.

6.  Defendant TSJ Distributors Inc dba The Supply Joint ("TSJ") is a California corporation with its principal place of business located at 325 Boyd Street, Los Angeles CA 90013, and can be served by serving its Registered Agent Devendra Munyal at the same address.

## PLAINTIFF'S PATENTS

7.  Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 10,786,006 (the "'006 patent"), entitled "Vaporization Device." A copy of the '006 patent is attached hereto as **Exhibit 1**.

8.  Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 11,497,244 (the "'244 patent"). The '244 patent is a continuation of the '006 patent. A copy of the '244 patent is attached hereto as **Exhibit 2**.

9.  Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 11,497,252 (the "'252 patent"). The '252 patent is a continuation of the '006 patent. A copy of the '252 patent is attached hereto as **Exhibit 3**.

10.  Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Design Patent Number D872,933 S (the "'933 patent") entitled "Vaporization rig." A copy of the patent is attached hereto as **Exhibit 4**.

11.  Generally, the patents disclose a vaporization apparatus configured to support a vaporization rig.

3

COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

12. The vaporization apparatus contains a heating element, comprises a body including a back end, a front end, and a top surface. The front end includes a hole that extends towards the back end, the hole being configured to support the heating element. The top surface defines a receptacle being positioned to align a heatable portion of the vaporization rig with a heat generating portion of the heating element.

## PLAINTIFF'S TRADEMARK

13. As early as 2018, Santos first used the RIG IN ONE Mark in commerce in relation with oral vaporizers for smoking purposes, otherwise known as dab rigs.

14. Stache Products owns all rights, title, and interests in U.S. Registration Number 7,079,618 for the trademark RIG IN ONE in International Class 34 for use in connection with oral vaporizers for smoking purposes. A copy of the trademark registration is attached hereto as **Exhibit 5**.

15. Examples of the RIO Matte dab rig[1] product bearing the RIG IN ONE mark are shown below:



---

[1] A dab rig is a device used for consuming cannabinoid extracts by filtering the vapor through water.

4

COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

**DEFENDANT'S PATENT INFRINGEMENT**

16. Defendant imports, offers for sale, distributes, and sells one or more dab rig products that practice all the steps of at least one claim of the patents. An example of the dab rig product distributed by defendant is shown below:



17. Defendant's RIG IN ONE branded devices operate identically to Plaintiff's product which is protected by the Patents. Defendant's RIG IN ONE branded device is an all-in-one rig device that flash heats cannabinoid concentrates to the point of vaporization, utilizing a torch, and then the cannabinoid concentrate is put on a hot surface and inhaled.

18. At all times during which Defendant imported, used, offered to sell, and sold dab rig products that infringe one or more claims of the patents, Defendant had knowledge of the patents.

19. Plaintiff has been irreparably harmed by Defendant's infringement of Plaintiff's valuable patent rights.

20. Defendant's unauthorized infringing use of Plaintiff's patented oral vaporizer has threatened the value of Plaintiff's intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from importing, making, using, selling offering to sell and/or importing the patented inventions.

21. Defendant's disregard for Plaintiff's patent rights similarly threatens Plaintiff's relationship with potential licensees of these patents.

22. Defendant will derive a competitive advantage from using Plaintiff's patented technology without paying compensation for such use.

23. Unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**DEFENDANT'S TRADEMARK INFRINGEMENT**

24. Defendant imports, offers for sale, distributes, and sells one or more dab rig products on its website that Plaintiff's registered trademark RIG IN ONE as shown below.



25. Defendant, without a license, permission, or authority offers portable dab rig devices utilizing the mark "RIG IN ONE" for sale in its physical store.

26. The devices that Defendant uses, imports, offers for sale, distributes, and sells, including but not limited to the RIG IN ONE EASY TO USE PORTABLE DAB RIG, infringes Plaintiff's RIG IN ONE trademark.

27. At all times during which Defendant imported, used, offered to sell, and sold dab rig products that infringe RIG IN ONE trademark, Defendant had knowledge of the trademark.

28. Plaintiff has been irreparably harmed by Defendant's trademark infringement.

29. Unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,786,006

30. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

31. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 10,786,006 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

32. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 10,786,006.

33. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

34. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,497,244

35. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

36. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 11,497,244 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

37. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 11,497,244.

38. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

39. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,497,252

40. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

41. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 11,497,252 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

42. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 11,497,252.

43. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

44. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT IV

## DIRECT INFRINGEMENT OF U.S PATENT NO. D872,933 S

45. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

46. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. D872,933 S by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

47. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. D872,933 S.

48. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

49. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. REGISTERED TRADEMARK NO. 7,079,618 UNDER LANHAM ACT PURSUANT TO 15 U.S.C. § 1114

50. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

51. Defendant impermissibly uses the registered trademark RIG IN ONE in interstate commerce in connection with the advertising, marketing, and sale of RIG IN ONE device as shown above.

52. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

53. Defendant's unlawful use of the RIG IN ONE trademark is likely to cause and has caused confusion, mistake and deception as to the affiliation, connection and association between Defendant's products and Santo's RIO products, in violation of section 32 of the Lanham Act, 15 U.S.C § 1114(1).

54. As a direct and proximate result of Defendants' wrongful conduct, Defendant has caused Stache Products to suffer monetary loss and irreparable harm and injury to its business reputation and goodwill.

55. Defendant's acts of infringement and unfair competition are knowing and willful because Defendant committed such acts with knowledge that Stache Products is the rightful owner of all rights, title and interest in the RIG IN ONE mark and the Patents above.

56. Defendant's willful use of the RIG IN ONE mark with the intent to cause confusion, or to cause mistake or to deceive consumers as to the origin of the product irreparably harm Stache Products.

57. Unless Defendant is enjoyed from its wrongful conduct, Stache Products will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT VI
## FEDERAL UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

58. Stache Products realleges paragraphs 1 through 29 of this Complaint, as fully and completely as if set forth herein.

59. Defendant's conduct as described herein constitutes trademark infringement and unfair competition because such use is likely to cause and has caused confusion, mistake and deception as to the affiliation, connection, and association between Defendant's products and Plaintiff's products.

60. Defendant's conduct constitutes federal unfair competition because such uses falsely designates the origin as to the affiliation, connection and association between Defendant's products and Plaintiff's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff to suffer monetary loss and irreparable harm and injury to its business reputation and goodwill.

62. Defendant's acts of infringement and unfair competition are knowing and willful because Defendant committed such acts with knowledge that Stache Products is the rightful owner of all rights, title and interest to the RIG IN ONE trademark and with the intent to cause confusion, or to cause mistake or to deceive.

63. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT VI

## UNFAIR COMPETITION UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Codes § 17200, *et. seq*.)**

64. Stache Products realleges paragraphs 1 through 29 of this Complaint as fully and completely as if set forth herein.

65. Defendant's foregoing unlawful actions constitute the assumption, adoption or use, with the intent to deceive members of the trade and the general consuming public, for advertising and other purposes, of the RIG IN ONE mark in which may deceive or mislead the aforementioned as to the identity of Defendant or their infringing goods as to an unfounded connection to Stache Products registered RIG IN ONE mark in violation of California's Business and Professions Codes § 17200.

66. Defendant's continuing unlawful acts are likely to cause substantial and irreparable injury to Stache Products and are likely to continue to damage Stache Products' goodwill, and reputation unless restrained by this Court.

67. Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

68. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff STACHE PRODUCTS, LLC demands judgment and relief against Defendant TSJ DISTRIBUTORS INC DBA THE SUPPLY JOINT and respectfully requests that the Court:

 A. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 15 U.S.C. § 1114 and § 1125;

 B. Defendant be required to pay Plaintiff his damages including lost sales and Defendants' profits as provided in 15 U.S.C. § 1125;

 C. Enter a finding of willful patent infringement against Defendant under the patents asserted in this Complaint;

 D. Permanently enjoin Defendant from committing patent infringement;

 E. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

 F. Award in favor of Plaintiff and against Defendant an enhancement of damages;

 G. Award in favor of Plaintiff for treble damages pursuant to 15 U.S.C. § 1117(a);

 H. Permanently enjoin Defendant from committing trademark infringement;

 I. Find that this is an exceptional case;

 J. Award Plaintiff his attorneys' fees against Defendant under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

 K. Award Plaintiff his costs against Defendant;

 L. Plaintiff be awarded pre- and post-judgment interest; and

M. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 21, 2024                    Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**

*Counsel for Plaintiff Stache Products LLC*